

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROBERT F. ROUSSELL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 04-1321** |
| **BURL CAIN, WARDEN** | **SECTION "F"(4)** |

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an Evidentiary Hearing if necessary, and to submit Proposed Findings and Recommendations pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing. *See* Title 28 U.S.C. § 2254(e)(2).[1]

### I.   Factual and Background

The petitioner, Robert F. Roussell ("Roussell"), is incarcerated in the Louisiana State Penitentiary in Angola, Louisiana.[2] On March 24, 1999, Roussell and a co-defendant, Rodrigo V.

---

[1] Under Title 28 U.S.C. § 2254(e)(2), the District Court may hold an Evidentiary Hearing only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by an exercise of due diligence, and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2] Rec. Doc. No. 1, Petition.

Conner, were charged by Bill of Information in Jefferson Parish with simple burglary of an inhabited dwelling.[3]

The record reflects that, the victim, Paquita Harden, lived in an apartment which shared a common wall with that of Tammy Gordon.[4] Gordon testified at Roussell's trial that, on March 8, 1999, she heard Harden leave early in the morning and later heard Harden's brother arrive and leave the apartment before 11:30 a.m. However, at 12:50 p.m., Gordon heard a loud noise which sounded like someone kicked in the door of Harden's apartment. She also heard sounds as if someone was tearing down the walls and clanging clothes' hangers. She telephoned Harden's apartment but no one answered. Gordon then called the police, who arrived within two or three minutes. The police arrived as Roussell, Conner, and two other black males, were exiting the apartment. Roussell, Conner, and a juvenile were arrested near the scene. The fourth participant was not apprehended.

Harden later returned home to find her apartment ransacked and her sofa destroyed. She testified at trial that most of her furniture, including her stereo and television, was damaged or thrown around, but nothing was missing from the apartment. She testified at trial that her brother had a key to her apartment and had been there that day. The only personal item he had there was a gun which she kept in a cabinet. After the incident, the police found the gun in a box by the front door. Harden also surmised that her brother knew Conner, the co-defendant, because he told police that Conner had paged him that day.

---

[3] St. Rec. Vol. 1 of 7, Bill of Information, 3/24/99.

[4] The facts of the case were taken from the opinion of the Louisiana Fifth Circuit Court of Appeal. St. Rec. Vol. 1 of 7, 5th Cir. Opinion, 00-KA-192, 7/25/00.

Roussell and Conner were tried before a jury on May 24 and 25, 1999, and both were found guilty as charged.[5] On June 2, 1999, the Trial Court sentenced Conner to four years imprisonment, suspended after one year, to be followed by four years of active probation.[6]

That same day, the State filed a Multiple Offender Bill against Roussell, to which he entered a plea of not guilty.[7] The State filed an Amended Multiple Offender Bill on June 25, 1999.[8] On June 30, 1999, the Trial Court sentenced Roussell on the underlying conviction to 12 years imprisonment with the first year to be without benefit of parole, probation or suspension of sentence.[9] Roussell also entered a plea of not guilty to the Amended Multiple Offender Bill.

Finally, after a hearing held on July 28, 1999, the Trial Court determined that Roussell was a multiple offender and sentenced him to life imprisonment.[10] Roussell's counsel filed a Motion to Reconsider Sentence which was denied without reasons on August 10, 1999.[11]

On appeal, Roussell's counsel challenged the trial court's instruction to the jury on the offense of criminal damage to property as a "felony therein" which invited the jury to render a verdict

---

[5]St. Rec. Vol. 1 of 7, Trial Minutes (2 pages), 5/24/99; Trial Minutes (2 pages), 5/25/99; St. Rec. Vol. 4 of 7, Jury Verdict (Roussell), 5/25/99; Trial Transcript, 5/25/99; St. Rec. Vol. 5 of 7, Trial Transcript (continued), 5/25/99.

[6]St. Rec. Vol. 1 of 7, Sentencing Minutes (Conner), 6/2/99.

[7]St. Rec. Vol. 1 of 7, Multiple Bill Hearing, 6/2/99; Multiple Bill (2 pages), 6/2/99.

[8]St. Rec. Vol. 1 of 7, Multiple Bill (2 pages), 6/25/99.

[9]St. Rec. Vol. 1 of 7, Sentencing Minutes (Roussell), 6/30/99; St. Rec. Vol. 5 of 7, Sentencing Transcript, 6/30/99.

[10]St. Rec. Vol. 1 of 7, Multiple Bill Hearing Minutes, 7/28/99; Multiple Bill Hearing Transcript, 7/28/99.

[11]St. Rec. Vol. 1 of 7, Motion to Reconsider Sentence, 8/2/99; Trial Court Order, 8/10/99.

without sufficient evidence.[12] The Louisiana Fifth Circuit Court of Appeal affirmed Roussell's conviction and sentence on July 25, 2000, finding no merit to Roussell's claim.[13]

## II. Procedural Background

On September 1, 2000, Roussell filed an untimely[14] Writ Application in the Louisiana Supreme Court.[15] The court denied the application without reasons on October 5, 2001.[16]

On August 19, 2002, Roussell submitted to the Trial Court an Application for Post Conviction Relief raising two grounds for relief:[17] (1) insufficient evidence to support the conviction; and (2) ineffective assistance of counsel. The Trial Court denied the Application without prejudice on October 16, 2002, because Roussell had failed to file the Application on the proper form as required by Louisiana law.[18]

---

[12]St. Rec. Vol. 5 of 7, Assignments of Error, 2000-KA-0192, 3/14/00; Appeal Brief, 2000-KA-0192, 3/14/00.

[13]St. Rec. Vol. 1 of 7, 5th Cir. Opinion, 00-KA-192, 7/25/00. The appellate court also instructed the Trial Court to notify Roussell that the post-conviction filing period in La. Code Crim. P. art. 930.8 was amended to two years from the three years about which he was advised at sentencing. The Trial Court complied with the request by letter dated August 3, 2000. St. Rec. Vol. 1 of 7, Letter to Roussell, 8/3/00.

[14]La. S.Ct. R. X§5(a) provides that an application seeking review of the judgment of the court of appeal shall be made within 30 days of the issuance of the judgment. *See also* La. Code Crim. Proc. art. 922(A).

[15]St. Rec. Vol. 6 of 7, La. S. Ct. Writ Application, 00-KO-2558, 9/1/00; St. Rec. Vol. 1 of 7, La. S. Ct. Letter, 2000-KO-2558, 9/1/00.

[16]*State v. Roussell*, 798 So.2d 960 (La. 2001); St. Rec. Vol. 1 of 7, La. S. Ct. Order, 2000-KO-2558, 10/5/01.

[17]St. Rec. Vol. 2 of 7, Application for Post Conviction Relief, 8/19/02.

[18]St. Rec. Vol. 2 of 7, Trial Court Order, 10/16/02.

On October 18, 2002, Roussell filed another Application for Post Conviction Relief raising the same two grounds for relief.[19] The Trial Court denied the Application on November 22, 2002.[20] In doing so, the court declined to review the insufficiency of the evidence claim as procedurally barred because it was addressed by the appellate court on direct appeal. The court also denied the ineffective assistance of counsel claim as meritless.

Roussell wrote the Trial Court two letters, filed on December 5 and 11, 2002, inquiring about the status of his post conviction application.[21] The Trial Court construed the letters as motions seeking a response to the application and denied both motions as moot on December 17, 2002, in light of its November 22, 2002 ruling.[22] The record reflects that Roussell was served with a copy of the November 22, 2002, ruling on December 2, 2002.[23]

In the meantime, on December 10, 2002, Roussell filed two notices in the Trial Court indicating his intent to seek writs from the trial court's order.[24] He thereafter filed an untimely[25] Writ

---

[19]The record does not contain a copy of this Application. However, the filing date and claims raised are indicated in the Trial Court's order. St. Rec. Vol. 2 of 7, Trial Court Order (2 pages), 11/22/02.

[20]St. Rec. Vol. 2 of 7, Trial Court Order (2 pages), 11/22/02.

[21]St. Rec. Vol. 2 of 7, Motion by Letter, 12/5/02; Motion by Letter, 12/11/02.

[22]St. Rec. Vol. 2 of 7, Trial Court Order, 12/17/02; Trial Court Order (2 pages), 12/17/02.

[23]St. Rec. Vol. 2 of 7, Receipt, 12/2/02.

[24]St. Rec. Vol. 2 of 7, Notice of Intent to Seek Writs, 12/10/02, 12/11/02.

[25]Pursuant to La. Uniform App. R. 4-3, a petitioner has 30 days to file for review in the appellate court after ruling by the trial court. *Dixon v. Cain*, 316 F.3d 553, 556 (5th Cir. 2003) (citing *Melancon v. Kaylo*, 259 F.3d 401, 407 (5th Cir. 2001)); *Grillette v. Warden, Winn Corr. Ctr.*, 372 F.3d 765 (5th Cir. 2004).

Application in the Louisiana Fifth Circuit Court of Appeal on January 7, 2003.[26] The Appellate Court denied the Application on January 10, 2003, finding no error in the Trial Court's ruling.[27]

Roussell filed a Writ Application in the Louisiana Supreme Court on February 7, 2003, seeking review of the same claims.[28] The application was denied without reasons on February 20, 2004.[29]

### III. Federal Petition

On May 5, 2004, Roussell filed a Petition for Federal Habeas Corpus Relief in which he alleged two grounds for relief:[30] (1) the conviction was based on insufficient evidence; and (2) ineffective assistance of counsel. Roussell also filed a traverse to the State's opposition in which he supplemented his argument in support of these claims.[31]

In its response, the State erroneously concludes without analysis or calculation, that Roussell's federal petition was timely filed, which will be discussed further herein.[32] In addition, the State argues that Roussell has exhausted state court remedies and that his claims are without merit.[33]

---

[26] St. Rec. Vol. 2 of 7, 5th Cir. Writ Application, 03-KH-16, 1/7/03.

[27] St. Rec. Vol. 2 of 7, 5th Cir. Order, 03-KH-16, 1/10/03.

[28] St. Rec. Vol. 7 of 7, La. S. Ct. Writ Application, 03-KH-0420, 2/7/03; La. S. Ct. Letter, 2003-KH-420, 2/7/03.

[29] *State ex rel. Roussell v. State*, 866 So.2d 827 (La. 2004); St. Rec. Vol. 2 of 7, La. S. Ct. Order, 2003-KH-0420, 2/20/04.

[30] Rec. Doc. No. 1, Petition.

[31] Rec. Doc. No. 7.

[32] Rec. Doc. No. 5.

[33] *Id.*

## IV. **Standards of Review**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, which comprehensively revised federal habeas corpus legislation, including Title 28 U.S.C. § 2254, went into effect on April 24, 1996[34] and applies to habeas petitions filed after that date. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). The AEDPA therefore applies to Roussell's petition, which, for reasons discussed below, is deemed filed under the federal mailbox rule on April 12, 2004.[35]

The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing Title 28 U.S.C. § 2254(b), (c)).

The record reflects that Roussell has exhausted his state court remedies. However, the State has erroneously concluded that Roussell's federal petition is timely. A proper calculation using appropriate United States Fifth Circuit precedence not adhered to or addressed by the State reflects that Roussell's petition is not timely filed for the reasons that follow.

---

[34]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[35]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). The clerk of court filed Roussell's petition on May 5, 2004. Nevertheless, Roussell signed his petition on April 12, 2004, which is the earliest date on which he could have delivered it to prison officials for mailing. The fact that he paid the filing fee does not alter the application of the mailbox rule to this pro se petition. *Cousin v. Lensing*, 310 F.3d 843, 846 (5th Cir. 2002) (mailbox rule applies even if inmate has not paid the filing fee at the time of mailing) (citing *Spotville*, 149 F.3d at 374).

V.    **Statute of Limitations**

   A.    **No Waiver of the Limitations Defense**

The AEDPA's statute of limitations is an affirmative defense, rather than a jurisdictional mandate. *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999). Consequently, the limitations defense may be waived, but the waiver must be express and intentional. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (citing *Smith v. Johnson*, 216 F.3d 521 (5th Cir. 2000)), *cert. denied*, 532 U.S. 963 (2001); *Magouirk v. Phillips*, 144 F.3d 348 (5th Cir. 1998).

In the instant case, the State suggests that Roussell's federal petition is timely without any analysis of the issue. The State does not indicate a finality date for the conviction nor does it discuss any aspect of the limitations period. Under a proper calculation, using Fifth Circuit precedent as set forth below, Roussell's federal petition is not timely filed. The State could not have intended to commit error or mistake through its counsel's failure to calculate the limitations period and misapplication of the law in a response memo and thus, did not expressly waive its limitations defense by incorrectly concluding that the petition is timely. *See Simpkins v. Wash. Metro. Area Transit Auth.*, 2 F. Supp.2d 52 (D.D.C. 1998) (calculation error based on mistake did not constitute waiver of limitations defense). Furthermore, this court is not required to accept a waiver, either express or implicit, where it is not judicially warranted. *Kunkle v. Dretke*, 352 F.3d 980, 989-90 (5th Cir. 2003) (citing *McGee v. Estelle*, 722 F.2d 1206 (5th Cir. 1984), and *Granberry v. Greer*, 481 U.S. 129 (1987)); *Graham v. Johnson*, 94 F.3d 958, 970 (5th Cir. 1996). For all of these reasons, the Court finds that the State has not waived the limitations defense through its inaccurate calculation of the finality of conviction and the limitations and tolling periods.

**B.     The Petition Is Untimely Filed**

The AEDPA requires a petitioner to bring his § 2254 claim within one year of the date his conviction became final.[36] *Duncan v. Walker*, 533 U.S. 167, 179-80 (2001). The Court must therefore determine when Roussell's conviction became final to establish the triggering event for the timeliness of this federal petition.

**1.     The Finality of the Conviction**

In its opposition response, the State fails to calculate finality. Nevertheless, as outlined above, Roussell appealed his conviction and sentence to the Louisiana Fifth Circuit Court of Appeal. The court affirmed his conviction and sentence by opinion issued on July 25, 2000.

Roussell did not seek rehearing or file for timely review in the Louisiana Supreme Court after the appellate court ruled.[37] Therefore, under a proper calculation, his conviction became final on August 24, 2000, which was 30 days after issuance of the appellate court's opinion.[38] *Roberts v.*

---

[36]The statute of limitations provision of the AEDPA provides for other triggers which do not apply here:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
    A.    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    B.    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
    C.    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    D.    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. Title 28 U.S.C. § 2244(d).

[37]St. Rec. Vol. 1 of 7, 5th Cir. Opinion, p. 20, 00-KA-192, 7/25/00.

[38]La. S.Ct. R. X§5(a); La. Code Crim. Proc. art. 922(A).

*Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (an appeal is final when the state defendant does not timely proceed to the next available step in an appeal process). Therefore, the one year AEDPA filing period was triggered on that date.

### 2.     **The Limitations Period**

For the reasons stated above, Roussell's conviction became final on August 24, 2000, when he did not timely appeal or seek reconsideration of his sentence. Under the plain language of § 2244, Roussell had until August 24, 2001, to file a timely federal application for habeas corpus relief and he failed to do so. Thus, literal application of the statute would bar Roussell's § 2254 petition as of that date unless he is entitled to statutory tolling.[39]

Section 2244(d)(2) provides that the time during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. *See* Title 28 U.S.C. § 2244(d)(2). In order for a State post conviction application to be considered "properly filed" within the meaning of § 2244(d)(2), the applicant must have complied with all of the State's procedural requirements, such as timeliness and place of filing. *Pace v. DiGuglielmo*, 125 S. Ct. 1807, 1812 (2005) ("When a postconviction application is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)."); *Williams v. Cain*, 217 F.3d 303, 306-07 n.4 (5th Cir. 2000) (quoting *Smith v. Ward*, 209 F.3d 383, 384-85 (5th Cir. 2000)); *Villegas v. Johnson*, 184 F.3d 467, 469 (5th Cir. 1999), *reh'g denied*, 196 F.3d 1259 (5th Cir. 1999).

---

[39]The doctrine of equitable tolling does not apply in this case because there is no rare or extraordinary circumstance warranting its application and petitioner has not alleged any. *See Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001);*Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir. 1998), *cert. denied*, 525 U.S. 1091 (1999); *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999). The Court need only determine whether Roussell is entitled to statutory tolling.

A matter is "pending" for § 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Williams*, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until further appellate review is unavailable under Louisiana's procedures.'") (quoting *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999), *aff'd*, 531 U.S. 4 (2000)); *see also Melancon v. Kaylo*, 259 F.3d 401, 405 (5th Cir. 2001).

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. *Dilworth v. Johnson*, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); *Nara v. Frank*, 2001 WL 995164, slip op. at *5 (3d Cir. Aug. 30, 2001) (motion to withdraw a guilty plea is "other collateral review"). A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition. *Godfrey v. Dretke*, 396 F.3d 681, 686-88 (5th Cir. 2005).

The federal courts have also determined that requests for transcripts and copies from the record are not applications for post conviction or other collateral review and do not affect the timeliness calculations. *Osborne v. Boone*, 176 F.3d 489, 1999 WL 203523 (10th Cir. Apr. 12, 1999) (Table, Text in Westlaw) (motion for transcripts is not "other collateral review" for tolling purposes); *see also Brown v. Cain*, 112 F. Supp.2d 585, 587 (E.D. La. 2000), *aff'd*, 239 F.3d 365 (5th Cir. 2000); *Gerrets v. Futrell*, 2002 WL 63541 (E.D. La. Jan. 16, 2002); *Jones v. Johnson*, 2001 WL 1006062 at *3 (N.D. Tex. Aug. 13, 2001) (petitioner should file application and then continue to

gather transcripts); *Grayson v. Grayson*, 185 F. Supp.2d 747, 751-52 (E.D. Mich. 2002) (delay in receipt of transcript, not required to file an application, does not warrant equitable tolling).

In this case, Roussell's AEDPA filing period began to run on August 25, 2000, the day after his conviction became final. The filing period ran uninterrupted for 365 days, until August 24, 2001, when it expired. Roussell had no other properly filed state application for post conviction relief or other collateral review pending during that time.

The state court record reflects that Roussell filed a writ application in the Louisiana Supreme Court during that time period, on September 1, 2000. That filing, however, was untimely under La. S. Ct. R. X§5(a) because it was filed more than 30 days after the Louisiana Fifth Circuit ruled on his direct appeal. Under federal habeas corpus law, which was not addressed by the State in its response, this filing <u>cannot</u> be considered in the tolling calculation.

The United States Fifth Circuit Court of Appeals has recognized that, under Louisiana law, specifically La. S. Ct. R. X§5(a), a party must file an application for supervisory writs in the Louisiana Supreme Court within 30 days after the intermediate state appellate court issued its ruling. The rule expressly <u>prohibits</u> any extension of the 30-day period and provides for <u>no</u> exceptions. *Williams*, 217 F.3d at 309; *Boyd v. Ward*, 2001 WL 533221 (E.D. La. May 15, 2001) (Porteous, J.).

Because of this state procedural rule, the Fifth Circuit has held that a writ application to the Louisiana Supreme Court which fails to comply with La. S. Ct. R. X§5(a) is <u>not</u> properly filed because it is untimely, and post conviction review is <u>not</u> pending for purposes of the AEDPA's statute of limitations and tolling doctrines. *Williams*, 217 F.3d at 309-11; *see also, Pace*, 125 S. Ct. at 1812, 1814. Under this doctrine, Roussell cannot benefit from any tolling as a result of his untimely and improperly filed writ application in the Louisiana Supreme Court. *Pace*, 125 S. Ct. at

1812. He also is not entitled to any further tolling for his subsequent filings made after expiration of the AEDPA's one year filing period. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

For these reasons, the one-year statute of limitations period applicable to Roussell's federal petition expired as calculated above on August 24, 2001. Roussell's federal habeas corpus petition, deemed filed on April 12, 2004, was filed more than two and one-half years after the AEDPA filing period expired. His federal habeas petition is untimely and should be dismissed as time-barred.

## VI. Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Robert F. Roussell's petition for issuance of a Writ of Habeas Corpus filed pursuant to Title 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 13th day of June, 2005.

KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE

13